# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAURA L. SMITH, guardian of the person and the estate of LESTER E. HATFIELD, an incapacitated person, and DONNA HATFIELD, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-10-1216-HE |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## ORDER

Laura L. Smith, guardian of Lester Hatfield, and Donna Hatfield filed this action against the United States asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and state negligence law. The Hatfields seek to recover for injuries they sustained as a result of allegedly negligent care Lester Hatfield received while a patient at the Veterans Affairs Medical Center ("VA") in Oklahoma City. Mrs. Hatfield asserts a claim for loss of consortium. The government has filed motions seeking the dismissal of both plaintiffs' claims.

Defendant contends the court lacks jurisdiction over Mrs. Hatfield's claim because she "failed to present an administrative tort claim prior to bringing suit, as required by 28 U.S.C. § 2675(a)." United States' Notice of Partial Withdrawal of Motion to Dismiss, p. 1. Specifically, the government contends Mrs. Hatfield's claim was deficient because it was not

dated,[1] was not signed by Mrs. Hatfield, and did not include evidence that the signatory, plaintiff's daughter, was authorized to act on behalf of Mrs. Hatfield. [2]

The FTCA is a limited waiver of the government's sovereign immunity. Trentadue v. United States, 397 F.3d 840, 853 (10th Cir. 2005) A party may not pursue a claim under the FTCA against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency ..." 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. Indus. Constructors Corp. V. United States Bureau of Reclamation, 15 F.32d 963, 967 (10th Cir. 1994). "A claim is deemed presented when a federal agency receives from a claimant "'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident.'" *Id.* (quoting 28 C.F.R. § 14.2(a)).

The issue is whether a plaintiff must give the pertinent agency minimal notice – a written statement that sufficiently describes the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim – or comply with each of the regulatory requirements found in 28 U.S.C. § 14.2, a Justice Department regulation promulgated under

---

[1]*Defendant does not pursue this argument or contend the claim is untimely. The pertinent date – when the government agency received the claim – is established by the delivery date on the certified mail receipt. A copy of the receipt is attached to Mrs. Hatfield's response brief.*

[2]*The government initially asserted that the VA never received Mrs. Hatfield's administrative claim, but it later withdrew that argument as the VA discovered the claim had been received.*

the Act. Defendant argues that a claim is not presented for purposes of exhaustion unless the requirements set out in the regulation have been satisfied. However, the majority of the courts that have addressed the issue disagree. They hold that the FTCA's exhaustion requirement is met if the administrative claim (1) sufficiently describes the injury to allow the agency to conduct an investigation, and (2) states the value of the claim. *E.g.*, GAF Corp. v. United States, 818 F.2d 901, 919 (D.C.Cir.1987).

As explained by the D.C. Circuit, "Congress added [the presentment] requirement [of Section 2675(a)] to the Act in 1966 as part of a package of amendments designed to facilitate out-of-court settlement of claims."[3] *Id*. at 904-05.

> [I]n revising the procedure for filing claims, Congress manifested no interest whatsoever in restricting claimants' rights under the Federal Tort Claims Act or in restricting their access to the courts. To the contrary, Congress identified private litigants as the primary beneficiaries of the amendments The requirement of presentment it imposed on claimants was solely for the purpose of expediting settlement of claims in those instances where settlement was appropriate.

*Id.* at 917-18. The court rejected the Department of Justice's assertion that its regulations[4] governed the presentment process, holding that Congress had "not delegated to the agencies the power to determine, by regulation, the jurisdiction of Article III courts under the Act." *Id.* at 920.[5] *Accord* Knapp v. United States, 844 F.2d 376, 378 (6th Cir. 1988) ( "[T]he

---

[3]Before 1966, claimants seeking damages in excess of $2,500 were required to file suit. GAF Corp., 818 F.2d at 905.

[4]28 C.F.R. § § 14.1-14.11.

[5]When considered by the court in GAF Corp., 28 C.F.R. § 14.2 defined presentment "'[f]or purposes of the provisions of 28 U.S.C. 2401(b) and 2672,'" but not 2675. GAF Corp., 818 F.2d

3

statute, note the regulations, establish[] the jurisdictional requirements for an FTCA action. . . . [T]he regulations contained in 28 C.F.R. §§ 14.1-14.11 govern administrative settlement proceedings; they do not set federal jurisdictional prerequisites.") (internal quotations omitted).

The court is persuaded by the rationale of the D.C. Circuit and the other courts that have liberally construed the presentment requirement under the FTCA and concludes that Mrs. Hatfield's claim was exhausted, despite its not being accompanied by evidence of Laura Smith's authority to present a claim on her behalf.[6] Conn v. United States, 867 F.2d 916, 919 (6th Cir. 1989) (noncompliance with regulation requiring documentation of the authority of the person filing on behalf of a claimant "does not render the form an ineffective presentment for purposes of 28 U.S.C. § 2675(a)"). *See* Knapp, 844 F.3d at 379 ("A claimant who fulfills the requirements of § 2675(a) but does not comply with the regulations merely loses the opportunity to settle ... outside the courts; her right to bring action in district court is not affected.") (internal quotations omitted); *see generally* Trentadue, 397 F.3d at 853 ("We agree that the FTCA's notice requirements should not be interpreted inflexibly.").[7] The

---

*920 n.108. The regulation now provides: "For purposes of the provisions of 28 U.S.C. 2401(b), 2672 and 2675." 28 C.F.R. § 14.2 (emphasis added). The court does not find that the regulation's specific reference to § 2675 affects its conclusion that § 2675, not 28 C.F.R. § 14.2, sets the jurisdictional prerequisites for the FTCA.*

[6]*Defendant has not asserted it was prejudiced by the lack of documentation of Mrs. Smith's authority.*

[7]*The VA could have refused to negotiate with Ms. Smith because she had not demonstrated her authority to present a claim on behalf of Mrs. Hatfield, but the lack of documentation does not preclude Mrs. Hatfield from suing under the FTCA. See Knapp, 844 F.3d at 380.*

government's motion to dismiss Mrs. Hatfield's claim will be denied.

The government asks the court to dismiss the claim asserted on behalf of Mr. Hatfield pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Rule 12(e). The government contends the complaint is deficient because plaintiff did not attach the affidavit of merit required by Oklahoma's Comprehensive Lawsuit Reform Act of 2009 ("CLRA"), 12 Okla. Stat. 19(A)(1). It also claims plaintiff failed to plead facts explaining how Mr. Hatfield's injuries were caused by its negligence rather than an assault committed by a VA employee. The distinction is critical, the government argues, because of the FTCA's exception for [a]ny claim arising out of assault." 28 U.S.C. § 2680(h).

Plaintiff responds that she is asserting a simple negligence claim, not a claim for medical malpractice. Expert testimony is not, she argues, needed for the jury to determine whether "the employees should have caused Mr. Hatfield's injuries or allowed him to suffer for two days before attending his injuries." Plaintiff's response, p. 2.

The court cannot determine whether compliance with the CLRA is required due to the lack of specificity in the complaint. It is unclear whether plaintiff is alleging negligent hiring, training, supervision, medical treatment or some other breach of duty. She asserts in her response brief that she has alleged a simple negligence claim based on the injury to Mr. Hatfield's arm and the VA employees' failure to notice the spiral fracture for two days after the incident. However, the court cannot rely on assertions in a brief when determining the sufficiency of a complaint and a conclusory assertion of negligence, without more, does not state a basis for claim.

Accordingly, defendant's motion to dismiss the claim of Mrs. Hatfield [Doc. #11] is **DENIED**. Its motion to dismiss or for more definite statement with respect to Mr. Hatfield's claim [Doc. #12] is **GRANTED.** Plaintiff is directed to file an amended complaint within **ten (10) days**.

**IT IS SO ORDERED**.

Dated this 23rd day of March, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE